John M. Murtagh
1101 West 7th
Anchorage, Alaska   99501
(907) 274-8664
Counsel for defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) |
| | ) |
| EDWARD JAMES JENNINGS, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

Case No. 3:05-CR-0065- (JWS)

SENTENCING MEMORANDUM ON BEHALF OF
EDWARD JENNINGS

COMES NOW, Edward Jennings, defendant herein, by and through his

attorney, John M. Murtagh, and provides his sentencing memorandum.

THE RULE 11 ( c )( 1)(A) and ( C ) AGREEMENT SHOULD BE
ACCEPTED

**The agreement is accurate**

The record in this case demonstrates that the parties have spend

significant time creating a Rule 11 (c)(1)(A) plea agreement. In doing so, the

1

parties have accurately determined the United States Sentencing Guidelines. Both the plea agreement [page 11 of 28 section VI ] and the PSR [ paragraph 143 at page 30 ] set out the Total Offense level ( after various adjustments ) as level 21.  The plea agreement and PSR agree that the criminal history category is I

Both documents agree that the sentencing range under the USSG is 37-46 months. [ Plea agreement at page 12 of 28 ; PSR paragraph 187 at page 41.]

**The agreement is within the applicable guideline range [ PSR paragraph 187]**

**The agreement provides significant benefits not just to the parties, but to many individuals living outside of Alaska**

A court can generally assume that parties have reached a plea agreement because there are individual or mutual benefits to doing so.  In addition to that proposition, in this case the agreement provides benefits ot may individuals not living in Alaska.  Although it could be possible for a defendant to argue against certain portions of a proposed restitution judgement arguing, for example, that the offense of conviction does not support restitution, or by asserting a variety of procedural rights, in this case

Jennings has agreed to the entry of a broad restitution order. [ section V, E at page 13 of the agreement.]

CONCLUSION

The parties worked closely together to try to get closure on the various issues presented in this case and in other conduct of Mr. Jennings. In doing so, the parties have accurately calculated the USSG and have provided for broad restitution.  The results are consistent with the sentencing criteria in 18 USC 3553. The plea agreement recognizes the nature and circumstances of the offense ( and other conduct ) provides general and specific deterrence and yet provides the defendant an opportunity to make right his conduct and go on successfully in his life. Paragraphs 174-8 of the PSR support a need for alcohol and drug treatment while in custody, a request made herein.

This Court is requested to

(1) accept the plea agreement and sentence Jennings to 37 months with credit for the time in state custody on the same core conduct [ page 8 of agreement section IIIC]
     (2) recommend the 500 hour drug and alcohol program
     (3) recommend placement near Ft. Worth Texas.


Dated at Anchorage, Alaska this 16thday of March, 2006.

S/JOHN MURTAGH
John M. Murtagh
1101 West 7th Avenue
Anchorage, Alaska 99501
Phone (907)-274-8664
Fax (907)- 258-6419
Email: jmmalaska@hotmail.com
Bar# 7610119
Counsel for Edward Jennings

CERTIFICATE OF SERVICE
this is to certify that service of this
pleading was accomplished via
electronic case filing notice
on theOffice of the
United States Attorney on the
16th day of March, 2006

s/John Murtagh